UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JASON ALLEN DINGER                                                                    PLAINTIFF

VERSUS                                                       CIVIL ACTION NO. 1:09CV421-RHW

JOE GARCIA                                                                             DEFENDANT

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This matter is before the Court following a bench trial conducted by the undersigned on September 8, 2010.  Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging that he was subjected to excessive force while being arrested following an apparent jail escape on May 18, 2009.  The Court previously dismissed Defendant Pearl River County Sheriff's Office from the lawsuit and allowed the matter to proceed against Defendant Joe Garcia, an employee of the Sheriff's office.  Defendant's [36] Motion to Dismiss or for Summary Judgment on the issue of qualified immunity remains pending.

**Factual Background**

The trial testimony and exhibits established that on May 18, 2009, during a shakedown at the Pearl River County Jail, Plaintiff made an apparent attempt to escape from the jail.  He and other inmates were located in the exercise yard while the shakedown was taking place.  Plaintiff accomplished his escape by climbing a 10-foot basketball goal, from which he then attempted to jump over the first of two 12-foot fences that enclosed the exercise yard.  However, while attempting to jump the fence, Plaintiff's leg became entangled in razor wire.  Plaintiff then fell to the ground hitting his head, neck and/or shoulder with such force that it knocked him

unconscious for a few minutes. Upon regaining consciousness, Plaintiff climbed the second of the two fences. Inmate Kenneth Ladner testified that he observed Plaintiff "hobbling" or "staggering" after clearing the fences. Inmate Chad Hill testified that Plaintiff appeared disoriented after the fall. He also testified that Plaintiff "stumbled" away from the jail after clearing the fences. Plaintiff then spent the next two to three hours running through the woods. Eventually, Plaintiff hid in a locked shed and concealed himself under camouflage clothing that lay under a bench in the shed.

     Once Plaintiff's escape became apparent, numerous law enforcement officers, including Defendant Joe Garcia, participated in an attempt to find and apprehend Plaintiff. Following a reported sighting, Lt. George Dominguez, a certified K-9 officer, began tracking Plaintiff with his K-9. The K-9 tracked Plaintiff to the backyard of a private residence. There were two sheds in the backyard. Officers searched the first shed, which was unlocked. Upon attempting to enter the second shed, officers discovered that it was locked. They obtained the keys from the property owner. Lt. Dominguez unlocked the door, announced his presence, and commanded the K-9 to enter the shed and search for Plaintiff. The K-9 did not immediately alert to Plaintiff.

     Lt. Dominguez and Pearl River County Sheriff's Deputy Kimble Farmer entered the shed to conduct a further search. During this search, the K-9 alerted to the pile of camouflage clothing under a table. The pile of clothing began to move, at which point Lt. Dominguez gave the K-9 the command to attack. There was conflicting testimony as to whether the K-9 bit Plaintiff during the ensuing confrontation between Plaintiff and law enforcement officers. At this point, having heard the commotion in the shed, Captain Donnie Saucier and Defendant Garcia entered the building. Plaintiff asserts that all of the officers were in the shed when he was discovered.

Regardless, a scuffle ensued, during which the officers managed to place Plaintiff in handcuffs. Defendant Garcia testified that Plaintiff resisted arrest and that he placed his hands on Plaintiff to control his arms. The struggle between Plaintiff and law enforcement officers lasted only a few minutes. Once handcuffed, Plaintiff was led to the side of the road to await transportation back to the jail.

Plaintiff testified that he did not resist arrest but voluntarily surrendered after being discovered in the shed. He also testified that Defendant Garcia repeatedly kicked him in the back and ribs during the altercation. Plaintiff further testified that Defendant Garcia stomped on Plaintiff's handcuffs while he was sitting by the roadside with his hands secured behind his back.

## Law and Analysis

To prevail on an excessive force claim, Plaintiff must show (1) an injury; (2) which resulted directly and only from a use of force that was clearly excessive; and (3) the excessiveness of which was clearly unreasonable. *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005). When determining whether a defendant used excessive force, the core inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Baldwin v. Stalder*, 137 F.3d 836, 838 (5th Cir. 1998). Some of the relevant objective factors in the inquiry regarding the application of force include (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the defendant; and (5) any efforts made to temper the severity of the forceful response. *Id.* at 838-39.

The Court finds by a preponderance of the evidence that the actions of Defendant Joe

Garcia in arresting Plaintiff were reasonable.  At the time of the arrest, Plaintiff was an escapee, intentionally concealing himself from pursuing officers, and was under indictment for a violent crime (armed robbery and aggravated assault).  The officers suddenly and unexpectedly encountered Plaintiff hiding in the shed.  They did not know whether or not he had a weapon in his possession.  Under these circumstances, as reasonably perceived by the officers, a measure of physical force was necessary to secure Plaintiff.  It was reasonable for Lt. Dominguez, or any other officer, to order the K-9 to attack.  It also was reasonable for officers to use force in securing and placing handcuffs on Plaintiff, as they perceived that he was resisting being handcuffed.  The Court does not find it more probable than not that Defendant Garcia repeatedly kicked Plaintiff in the back and ribs, as alleged by Plaintiff.  The Court finds more credible the account of the officers regarding the incident in the shed.

 Plaintiff has established that he suffered various injuries on May 18, 2009.  For example, he sustained numerous lacerations, a swollen eye, a possible concussion, an injury to his hand, and some degree of pain in his back and ribs. Although Plaintiff presented to the jail and hospital with injuries immediately after his apprehension, the Court finds that it is more probable than not that the most serious of his injuries occurred when Plaintiff entangled himself in razor wire and fell 12-feet from the top of a fence, landing on his head, neck and/or shoulder with such force that it rendered him unconscious.  The Court bases this finding on the testimony and credibility of the witnesses, as well as the medical records from immediately after the incident, which demonstrate injuries consistent with Plaintiff becoming entangled with razor wire and falling 12 feet to the ground on his head and/or neck.  Even assuming that some of Plaintiff's injuries may have occurred during the altercation at the shed, Defendant Garcia's application

force, as determined by the Court, was reasonable in relation to the situation.

## Conclusion

Based on the foregoing, the Court finds for the Defendant, and further finds that the Plaintiff shall take nothing and that the complaint is dismissed with prejudice.

SO ORDERED, this the 18th day of October, 2010.

                                        s/ Robert H. Walker
                                      UNITED STATES MAGISTRATE JUDGE